1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  HAROLD PASHION MORGAN,              )   1:11-cv-01582-JLT HC
                                        )
12                  Petitioner,         )   ORDER GRANTING RESPONDENT'S
                                        )   MOTION TO DISMISS PETITION FOR
13       v.                             )   VIOLATION OF THE ONE-YEAR
                                        )   STATUTE OF LIMITATIONS AND FOR
14                                      )   LACK OF JURISDICTION (Doc. 13)
    GEORGE A. NEOTTI, Warden,           )
15                                      )   ORDER DISMISSING PETITION FOR WRIT
                    Respondent.         )   OF HABEAS CORPUS (Doc. 1)
16  _____)
                                            ORDER DIRECTING CLERK OF THE
17                                          COURT TO ENTER JUDGMENT AND
                                            CLOSE THE FILE
18
                                            ORDER DECLINING TO ISSUE A
19                                          CERTIFICATE OF APPEALABILITY

20

21                         **PROCEDURAL HISTORY**

22          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

23  pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

24  August 30, 2011, in the United States District Court for the Southern District of California.[1]  (Doc.

25  _____

26          [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
    deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
27  clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
    mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
28  adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
    Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the

                                            1

1). On September 20, 2011, the case was transferred to this Court. (Doc. 4). On October 5, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 9). On November 9, 2011, Respondent filed a written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 12).

On October 20, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 10). On December 16, 2011, Respondent filed the instant motion to dismiss, contending that the petition was successive, untimely, and failed to state a cognizable habeas claim. (Doc. 13). On January 18, 2012, Petitioner filed his opposition. (Doc. 15).

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

---

AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 30, 2011. (Doc. 1, p. 19).

1    In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C.

2    2244(d)(1)'s one year limitation period, as well as a claim that the petition is successive and fails to

3    state a cognizable habeas claim.   Because Respondent's Motion to Dismiss is similar in procedural

4    standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default

5    and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to

6    Dismiss pursuant to its authority under Rule 4.

7         B.  The Petition Is A Second And Successive Petition And Must Be Dismissed.

8         Respondent first argues that the Court lacks jurisdiction because the petition is a second and

9    successive petition filed without permission of the United States Court of Appeals for the Ninth

10   Circuit.  The Court agrees.

11        Respondent has drawn the Court's attention to a prior federal petition filed in this Court by

12   Petitioner in case no. 1:03-cv-06088-LJO, and requested that this Court take judicial notice of its

13   own records.  (Doc. 13, p. 4).  The Court grants Respondent's motion and hereby takes judicial

14   notice of its own docket and files in that case.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso,

15   989 F.2d 331, 333 (9th cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.

16   1978), aff'd, 645 F.2d 699 (9th Cir. 1981)(Judicial notice may be taken of court records).

17        A federal court must dismiss a second or successive petition that raises the same grounds as a

18   prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition

19   raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

20   constitutional right or 2) the factual basis of the claim was not previously discoverable through due

21   diligence, and these new facts establish by clear and convincing evidence that but for the

22   constitutional error, no reasonable fact-finder would have found the applicant guilty of the

23   underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

24        However, it is not the district court that decides whether a second or successive petition

25   meets these requirements that allow a petitioner to file a second or successive petition, but rather the

26   Ninth Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application

27   permitted by this section is filed in the district court, the applicant shall move in the appropriate court

28   of appeals for an order authorizing the district court to consider the application."   In other words,

1   Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition

2   in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any

3   second or successive petition unless the Court of Appeals has given Petitioner leave to file the

4   petition because a district court lacks subject-matter jurisdiction over a second or successive petition.

5   Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277

6   (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th

7   Cir. 1996).

8          Because the current petition was filed after April 24, 1996, the provisions of the

9   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

10   petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  In case no. 1:03-cv-06088-LJO, Petitioner, on

11   August 8, 2003, filed a federal habeas petition challenging his September 22, 1995 conviction in the

12   Kings County Superior Court for one count of possessing marijuana while in prison and his

13   subsequent sentence of twenty-five-years-to-life.   This is the same conviction and sentence that

14   Petitioner is challenging in the instant petition. (Doc. 1, p. 1).  On April 15, 2004, the Court

15   dismissed that petition on the same grounds as that raised by Respondent in this motion to dismiss,

16   i.e., that the petition was untimely pursuant to 28 U.S.C. § 2244(d).

17          While the Court cannot determine the precise claims raised by Petitioner in his 2003 petition,

18   it is perfectly clear that Petitioner could not have included the instant claim in his earlier petition,

19   since the instant claim is premised on a change in the marijuana sentencing laws that only became

20   effective on January 1, 2011.  Nevertheless, as discussed above, when raising new claims, a

21   petitioner must first obtain permission from the Ninth Circuit before the district court has jurisdiction

22   to consider those claims in a successive petition.

23          Here, Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit

24   to file his successive petition attacking his 1995 Kings County conviction.[2]  That being so, this Court

25   lacks jurisdiction to consider Petitioner's renewed application for relief from that conviction under §

26   _____

27   [2]Although Petitioner "disagrees" with the conclusion that the instant petition is successive (Doc. 15, p. 4), his only
    rebuttal is that the many state court adjudications of his petitions challenging his 1995 conviction are contrary to and an
    unreasonable application of clearly established federal law.  (Id.).  That, however, is the standard to be applied when

28   addressing the merits of a federal petition. Unfortunately for Petitioner, the Court cannot reach the merits of this petition since
    it lacks jurisdiction because Petitioner has not first obtained permission of the Ninth Circuit to file this petition.

1    2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If

2    Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for

3    leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

4            C.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

5            Even were the Court to have jurisdiction to consider this second and successive petition, the

6    Court would have to dismiss the petition as untimely.  On April 24, 1996, Congress enacted the

7    Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various

8    requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v.

9    Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir.

10   1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on August 30,

11   2011, and thus, it is subject to the provisions of the AEDPA.

12           The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

13   petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

14   reads:

15           (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
         corpus by a person in custody pursuant to the judgment of a State court.  The
16       limitation period shall run from the latest of –

17           (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;
18
             (B) the date on which the impediment to filing an application created by
19       State action in violation of the Constitution or laws of the United States is removed, if
         the applicant was prevented from filing by such State action;
20
             (C) the date on which the constitutional right asserted was initially recognized by
21       the Supreme Court, if the right has been newly recognized by the Supreme Court and made
         retroactively applicable to cases on collateral review; or
22
             (D) the date on which the factual predicate of the claim or claims presented
23       could have been discovered through the exercise of due diligence.

24           (2) The time during which a properly filed application for State post-conviction or
         other collateral review with respect to the pertinent judgment or claim is pending shall
25       not be counted toward any period of limitation under this subsection.

26   28 U.S.C. § 2244(d).

27           In most cases, the limitation period begins running on the date that the petitioner's direct

28   review became final.  Here, the Petitioner was convicted on September 22, 1995.   The documents

1  lodged along with the motion to dismiss establish that Petitioner appealed his conviction to the

2  California Court of Appeal, Fifth Appellate District ("5th DCA"), which affirmed the judgment on

3  December 16, 1996. Petitioner did not file a petition for review with the California Supreme Court.

4  According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty

5  days after filing of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to

6  the California Supreme Court within ten days of finality. Cal. Rules of Court, Rule 8.500(e)(1).

7  Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was

8  filed, or on January 25, 1997. Petitioner would then have one year from the following day, January

9  26, 1997, or until January 25, 1998, absent applicable tolling, within which to file his federal petition

10  for writ of habeas corpus.

11     As mentioned, the instant petition was filed on August 30, 2011, approximately thirteen and

12  one-half years after the date the one-year period expired. Unless Petitioner is entitled to either

13  statutory or equitable tolling sufficient to account for that lengthy period of time, the instant petition

14  is untimely and should be dismissed.

15     D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

16     Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

17  application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.

18  § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules

19  governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

20  U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California

21  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

22  delay in the intervals between a lower court decision and the filing of a petition in a higher court.

23  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

24  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

25  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

26  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

27  (9th Cir. 1999).

28     Nevertheless, there are circumstances and periods of time when no statutory tolling is

6

1   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

2   appeal and the filing of an application for post-conviction or other collateral review in state court,

3   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

4   Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

5   allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

6   In addition, the limitation period is not tolled during the time that a federal habeas petition is

7   pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

8   Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

9   petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

10  a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

11  does not permit the re-initiation of the limitations period that has ended before the state petition was

12  filed.");  Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

13  continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

14  447 F.3d 1165, 1166 (9th Cir. 2006).

15        Here, the documents lodged by Respondent establish that Petitioner filed the following state

16  habeas petitions: (1) petition filed in the 5th DCA on February 13, 2002, and denied on March 7,

17  2002 (LD 3; 4); (2) filed in the Superior Court of Kings County on April 8, 2002, and denied on May

18  2, 2002 (LD 5; 6);[3]  (3) petition filed in the Kings County Superior Court on June 13, 2002, and

19  denied on June 28, 2002 (LD 7; 8); (4) filed in the California Supreme Court on August 5, 2002, and

20  denied on January 15, 2003 (LD 9; 10); (5) filed in the Kings County Superior Court on November

21  14, 2010, and denied on February 1, 2011 (LD 11; 12); (6) filed in the Kings County Superior Court

22  on January 1, 2011, and denied on March 10, 2011 (LD 13; 14); (7) filed in the 5th DCA on March

23  27, 2011, and denied on April 13, 2011 (LD 15; 16); (8) filed in the 5th DCA on April 10, 2011, and

24  denied on April 22, 2011 (LD 17; 18); (9) filed in the California Supreme Court on April 18, 2011,

25  and denied on June 15, 2011 (LD 19; 20); and (10) petition for review filed in the California

26  Supreme Court from denial of the seventh post-conviction petition on April 18, 2011, and denied on

27

28        [3]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

1   June 8, 2011.  (LD 21; 22).

2       Unfortunately for Petitioner, even assuming that all of these petitions were "properly filed"

3   within the meaning of the AEDPA, none of them are entitled to statutory tolling because they were

4   filed long after the one-year period expired in 1998.  A petitioner is not entitled to tolling where the

5   limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d

6   1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199

7   F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section

8   2244(d) does not permit the reinitiation of the limitations period that has ended before the state

9   petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to

10  exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

11  Here, as mentioned, the limitations period expired on January 25, 1998, approximately four years

12  *before* Petitioner filed his first state habeas petition.  Accordingly, he cannot avail himself of the

13  statutory tolling provisions of the AEDPA.

14      E.  Equitable Tolling

15      The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

16  equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

17  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

18  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

19  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

20  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

21  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

22  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

23  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

24  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

25  his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807

26  (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

27  exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

28  omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue.  Accordingly, even if the Court has jurisdiction to proceed, the petition is untimely and must therefore be dismissed.[4]

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability

---

[4]Because the petition must be dismissed for lack of jurisdiction and because the petition is untimely under the AEDPA, the Court need not address Respondent's final ground for dismissal, i.e., that the petition fails to state a cognizable claim for federal habeas relief.

1   when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2   2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists

3   could debate whether (or, for that matter, agree that) the petition should have been resolved in a

4   different manner or that the issues presented were 'adequate to deserve encouragement to proceed

5   further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880,

6   893 (1983)).

7         In the present case, the Court finds that Petitioner has not made the required substantial

8   showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

9   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

10  habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

11  Accordingly, the Court DECLINES to issue a certificate of appealability.

12                                          **ORDER**

13        For the foregoing reasons, the Court HEREBY ORDERS as follows:

14    1.   Respondent's motion to dismiss (Doc. 13), is GRANTED;

15    2.   The petition for writ of habeas corpus (Doc. 1), is DISMISSED;

16    3.   The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

17    4.   The Court DECLINES to issue a certificate of appealability.

18  IT IS SO ORDERED.

19  Dated:   **January 24, 2012**                          **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

10